In the Matter of HUCKABEE AUTO COMPANY, Debtor.

In re HUCKABEE PROPERTIES, INC., Debtor.

In re HUCKABEE AUTO COMPANY, Debtor.

In re HUCKABEE PROPERTIES, INC., Debtor.

Leo B. HUCKABEE, Jr., Leo B. Huckabee III, Huckabee Auto Company, Movants,

v.

UNITED STATES of America, Respondent.

Bankruptcy Nos. 80–00151–Mac, 80–00152–Mac.
Adv. No. 84–5043.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Oct. 9, 1984.

Joseph J. Burton, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for movants.

Rodger M. Moore, Atty., Tax Div., Dept. of Justice, Washington, D.C., for respondent.

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

### STATEMENT OF THE CASE

On February 8, 1980, Huckabee Auto Company and Huckabee Properties, Inc., Debtors, filed their petitions under Chapter 11 of the United States Bankruptcy Code. These cases were consolidated by the Court on April 21, 1981. On January 28, 1982, Debtors' Chapter 11 plan was confirmed by the Court.

On June 17, 1983, Debtors filed a "Proof of and Objection to Additional Claim of the Internal Revenue Service" pursuant to 11 U.S.C.A. § 501(c) (West 1979). On July 14, 1983, Debtors filed an "Amendment to Proof of and Objection to Additional Claim of the Internal Revenue Service." These

filings assert that Debtors are operating under a confirmed plan of reorganization, which provides for the full payment of all allowed claims of the Internal Revenue Service (IRS). These filings further assert that although the payments to the IRS are being timely made, the IRS proposed to assess a 100 percent penalty pursuant to 26 U.S.C.A. § 6672 (West 1967 & Supp.1984) against Mr. Leo B. Huckabee, Jr., and Mr. Leo B. Huckabee III, the principal corporate officers of Debtors.

In response to Debtors' filings, the IRS filed its "Opposition to Claim Filed by Debtors on Behalf of Internal Revenue Service." By order dated March 14, 1984, the Court overruled the assertions of the IRS to the extent that the IRS objected to the jurisdiction of this Court to hear Debtors' contentions. *In re Huckabee Auto Co.*, 38 Bankr. 188 (Bankr.M.D.Ga.1984). On June 11, 1984, Debtors filed a "Second Amendment to Proof of and Objection to Claim and Counterclaim." The counterclaim asserts that despite the agreement of the IRS to not enforce the 100 percent penalty until a ruling by this Court on the merits of Debtors' contentions, the IRS seized certain tax refund checks of the Huckabees and filed a notice of tax lien against the residences of the Huckabees.

On June 11, 1984, Mr. Leo B. Huckabee, Jr., Mr. Leo B. Huckabee III, and Huckabee Auto Company, Movants, filed a "Motion for Temporary Restraining Order and Preliminary Injunction."[1] The adversary proceeding requests that the Court enjoin the IRS from enforcing the 100 percent penalty.

The adversary proceeding came on for a hearing on June 12, 1984. At the hearing, the IRS agreed to make no further collection efforts, pending a ruling on the merits by this Court. The parties agreed that all issues raised by Debtors' "Proof of and Objection to Additional Claim of the Internal Revenue Service" and the "Motion for Temporary Restraining Order and Preliminary Injunction" would be consolidated and considered at the June 12, 1984, hearing. The Court has considered the evidence presented at the hearing and the briefs of counsel,[2] and the Court now publishes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

This dispute concerns Debtor Huckabee Auto Company's FICA and employment withholding taxes for the first quarter of 1980. On March 31, 1980, Debtor Huckabee Auto Company drew a check payable to the IRS in the amount of $5,808.70 designated as "half taxes for Feb." On July 22, 1980, Debtor Huckabee Auto Company filed its return for the first quarter of 1980, and the return showed total first quarter taxes of $44,675.42. The return also showed that $5,808.70 had been paid by Debtor Huckabee Auto Company on the first quarter taxes. Also on July 22, 1980, Debtor Huckabee Auto Company drew a check made payable to the IRS in the amount of $16,158.40.

Debtor Huckabee Auto Company was unable to pay the remainder of the first quarter 1980 taxes. Mr. Leo B. Huckabee III testified that General Motors Acceptance Corporation (GMAC) had threatened to repossess Huckabee Auto Company's inventory. Mr. Leo B. Huckabee, Jr., and Mr. Leo B. Huckabee III testified that they had the authority to sign checks and determine

---

**1.** The pleading requests injunctive relief, and it therefore is an adversary proceeding, which is commenced by a complaint. The motion therefore is properly a complaint. R.Bankr.P. 7001, 7003.

**2.** Mr. Rodger M. Moore represents the IRS in this proceeding. Under a briefing schedule agreed to by the Court and counsel, Mr. Moore was to submit his brief by July 7, 1984. Mr. Moore did not meet the July 7, 1984, date, and after repeated requests from the Court, Mr. Moore finally filed his brief on August 15, 1984. The Court has twice requested an explanation from Mr. Moore for the late filing, but the Court has received no response from Mr. Moore. Such delay by Mr. Moore confers an unfair advantage upon the IRS, and it unduly delays a decision by the Court. So as not to penalize the client for the laxness of Mr. Moore, the Court has considered the untimely brief of the IRS.

which creditors were to be paid. They testified that Huckabee Auto Company did not have enough money to pay all creditors, and a decision therefore was made to pay GMAC, the employees, utilities, and those creditors absolutely necessary to keep the business afloat.

The IRS submitted a proof of claim in the Huckabee Auto Company Chapter 11 case, which included a claim for the first quarter 1980 FICA and employment withholding taxes. On January 28, 1982, the Court confirmed Debtors' third modified plan of reorganization, which provided for the full payment of all allowed claims of the IRS. The plan calls for the payment of the section 507(a)(1)[3] taxes in full upon the effective date of the plan. Under Debtors' plan, the section 507(a)(6)[4] taxes, which includes the first quarter 1980 FICA and employment withholding taxes, are being paid over a period of six years. The evidence reveals that the section 507(a)(6) payments to the IRS are being made timely by Debtors, and as of the June 12, 1984, hearing, Debtors had paid $5,750.00 to the IRS under their plan.

By letters and IRS forms dated June 9, 1983, the IRS notified Mr. Leo B. Huckabee, Jr., and Mr. Leo B. Huckabee III of its intention to assess a 100 percent penalty in the amount of $19,771.04[5] against them for Debtor Huckabee Auto Company's unpaid FICA and employment withholding tax liability for the first quarter of 1980.

On February 21, 1984, an amendment to Debtor Huckabee Auto Company's by-laws was passed by the directors of Debtor Huckabee Auto Company. The amendment provides:

Each director or officer of the corporation and each person at its request who has served as an officer or director shall be indemnified by this corporation against those expenses which are allowed by the laws of the State of Georgia and which are reasonably incurred in connection with any action, suit or proceeding, pending or threatened, in which such person may be involved by reason of his being or having been the director or officer of this corporation.

Mr. Leo B. Huckabee III testified that although his annual salary is approximately $44,000.00, he would not be able to pay the penalty. He further testified that he has no assets[6] and that payment would have to come from Debtors. Mr. Leo B. Huckabee, Jr., testified that he earns approximately $1,800.00 a month and that he could not pay the penalty. He testified that he has no assets and that payment would have to come from Debtors. Both Mr. Leo B. Huckabee, Jr., and Mr. Leo B. Huckabee III testified that payment of the penalty by Debtors would seriously impair Debtors' effort to complete the plan of reorganization, over which this Court has retained jurisdiction. The IRS presented no evidence to rebut this testimony.

The IRS states that the IRS seeks only one recovery of the first quarter 1980 FICA and employment withholding taxes. If Debtors complete their plan, the FICA and employment withholding taxes for the first quarter of 1980 will be considered by the IRS to be paid in full, and the Huckabees will not be liable for the 100 percent penalty. If the Huckabees pay the penalty that the IRS is asserting against them, the FICA and employment withholding taxes for the first quarter of 1980 will be considered by the IRS to be paid in full. If the IRS is paid through the Chapter 11 plan, it will take six years to pay the tax obligation, and if the IRS attempts collection from the Huckabees, the tax obligation may be paid immediately. The question

---

3. 11 U.S.C.A. § 507(a)(1) (West 1979).

4. 11 U.S.C.A. § 507(a)(6) (West 1979).

5. Debtor argues that $19,771.04 is an incorrect assessment. Because of the Court's decision in this adversary proceeding, it need not reach the accuracy of the assessment.

6. The Court notes that in February of 1981, Mr. Leo B. Huckabee III transferred his residence to his wife for no monetary consideration and that he has continued to make mortgage payments on the residence.

thus presented is whether the IRS must wait six years for payment of the tax obligation or whether, through the use of a penalty, it can attempt to collect the tax obligation immediately.

## CONCLUSIONS OF LAW

By order dated March 14, 1984, this Court held that Debtors have standing to object to the proposed assessment against the Huckabees and that the Court has jurisdiction over the contentions raised by Debtors. The Court held that 11 U.S.C.A. § 505 (West 1979) did not limit the Court's jurisdiction to determine the tax liability of Debtors and that the Court could hear Debtors' objection to the proposed 100 percent penalty against Debtors' officers under 26 U.S.C.A. § 6672 (West 1967 & Supp. 1984). Even though the proposed 100 percent assessment would be a personal liability of the officers, the tax due resulted from Debtor Huckabee Auto Company's failure to pay the taxes, and it therefore is related to a case under Title 11.[7] See *In re Huckabee Auto Co.*, 38 Bankr. 188 (Bankr. M.D.Ga.1984).

■ The IRS's proposed assessment against Mr. Leo B. Huckabee, Jr., and Mr. Leo B. Huckabee III is based on 26 U.S. C.A. § 6672 (West 1967 & Supp.1984), which provides in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or

not collected, or not accounted for and paid over. . . .

The parties stipulate that the Huckabees are persons required to collect the employment taxes, but the Huckabees argue that the failure to pay the taxes was not willful. It is settled that a finding of willfulness does not require a showing of malice or desire to defraud the United States. Rather, it is enough to show that the responsible person paid other creditors rather than the United States. *See, e.g., Hornsby v. Internal Revenue Service*, 588 F.2d 952 (5th Cir.1979); *Dillard v. Patterson*, 326 F.2d 302 (5th Cir.1963).

■ The purpose of section 6672 of the Internal Revenue Code is to enable the United States to collect the unpaid taxes either from the corporation or its officers. The government thus may hold officers individually liable for the taxes if, for some reason, it cannot collect the taxes from the corporation. *See United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978); *Kelly v. Lethert*, 362 F.2d 629 (8th Cir.1966).

■ Section 1129(a)(9)(C) of the Bankruptcy Code, 11 U.S.C.A. § 1129(a)(9)(C) (West 1979), provides that a Chapter 11 plan shall provide for payment of the priority taxes specified in 11 U.S.C.A. § 507(a)(6) (West 1979). Section 507(a)(6)(C) provides that "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity" is entitled to a priority of payment. Section 507(a)(6) taxes thus include FICA and employment withholding taxes required to be collected. *See, e.g., Coleman v. Internal Revenue Service (In re Coleman)*, 19 Bankr. 529, 8 Bankr.Ct.Dec. 1329, 6 Collier Bankr.Cas.2d 623 (Bankr.D.Kan.1982). Section 1129(a)(9)(C) allows the FICA and

---

7. Subsequent to the March 14, 1984, order, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984. Pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, Title I, § 104(a), 98 Stat. 333, 340–41 (to be codified at 28 U.S.C.A. § 157), the United States District Court for the Middle District of Georgia referred "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11" to the bankruptcy judges of this district. *In re United States Bankruptcy Court Jurisdiction* (M.D.Ga. July 13, 1984). The Court has considered the jurisdictional changes made by the Bankruptcy Amendments and Federal Judgeship Act of 1984 and concludes that they do not alter the result of the March 14, 1984, order.

employment withholding taxes to be paid through the plan over a six-year period from the date of the assessment. To further its policy of allowing employment taxes to be paid in a Chapter 11 plan, Congress gave bankruptcy courts the authority to determine the "amount or legality of any tax."[8] 11 U.S.C.A. § 505 (West 1979). After the Chapter 11 plan is confirmed by the Court, the plan is binding on the United States, and it may not attempt to otherwise collect the taxes. *In re Gurwitch,* 37 Bankr. 513 (Bankr.S.D.Fla.1984).

It thus appears that a conflict exists between section 6672 of the Internal Revenue Code, which allows the IRS to collect a debtor's unpaid taxes from the debtor's officers, and section 1129 of the Bankruptcy Code, which provides that a debtor may pay the taxes through a plan.

▆ When two statutes appear to be in conflict, the Court should try to discern the intentions of Congress and, if possible, construe the statutes in favor of coexistence. *Federal Aviation Administration v. Robertson,* 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975). It is apparent to the Court that section 1129 of the Bankruptcy Code, which allows the taxes to be paid by the debtor over a six-year period through a plan, would be of no effect if the IRS were to use section 6672 to circumvent the plan and collect the taxes from the debtor's officers. In *United States v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), the United States Supreme Court noted:

IRS uses the 100-percent penalty only when all other means of securing the delinquent taxes have been exhausted. It is generally used against responsible officials of corporations that have gone out of business .... [I]t is IRS policy that the amount of the tax will be collected only once. After the tax liability is satisfied, no collection action is taken on the remaining 100-percent penalties.

*Id.* at 279 n. 12, 98 *S.Ct.* at 1802 n. 12 (quoting Opinion of the Comptroller General, No. B–137762 (May 3, 1977)). Section 6672 thus allows the IRS to collect taxes from corporate officers when the IRS is unable to collect them from the corporation. When the IRS will be paid in full through a Chapter 11 plan, there is no need to resort to section 6672 to collect the taxes. The Court thus concludes that Congress did not intend for section 6672 to be applicable when the unpaid employment taxes are being paid through a plan of reorganization.[9] Congress has provided that a debtor in Chapter 11 may take six years to pay certain tax obligations, and the IRS, through the penalty provision contained in section 6672, should not be able to get around this congressional decision.

▆ The IRS argues that the anti-injunction statute, 26 U.S.C.A. § 7421(a) (West 1967 & Supp.1984), bars this Court from ruling on the assessment of the penalty. That statute provides in part:

Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained

---

**8.** As the Court noted in its March 14, 1984, order, § 505 does not limit the court's authority to determine tax liability to that of the debtor. 38 Bankr. at 192–93. Several courts have concluded that § 505 confers authority on the bankruptcy court to determine the tax liability of an officer of the debtor when the tax in question is a 100 percent penalty under 26 U.S.C.A. § 6672 (West 1967 & Supp.1984) for the debtor's failure to pay employment related taxes. *See Jon Co., Inc. v. United States (In re Jon Co., Inc.),* 30 Bankr. 831, 10 Bankr.Ct.Dec. 1005, 9 Collier Bankr.Cas.2d 1 (D.Colo.1983); *Datair Systems Corp. v. Starkey (In re Datair Systems Corp.),* 37 Bankr. 690, 11 Bankr.Ct.Dec. 1235 (Bankr.N.D. Ill.1983); *H & R Ice Co., Inc. v. United States (In*

*re H & R Ice Co., Inc.),* 24 Bankr. 28, 9 Bankr.Ct. Dec. 941 (Bankr.W.D.Mo.1982).

**9.** In this case, Debtor could not pay all creditors, and Debtor decided to pay only those creditors necessary for the business to survive on a day-to-day basis. Debtor then sought to pay its delinquent employment taxes through a Chapter 11 plan. `Had Debtor paid the IRS rather than the other creditors, the business probably would not have survived. Congress, in the Bankruptcy Code, sought to encourage reorganization, and its policies would be furthered by this construction.

312

in any court by any person, whether or not such person is the person against whom such tax was assessed.

In *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975), the bankrupts filed voluntary petitions in bankruptcy, and the IRS did not file a proof of claim for unpaid taxes owed by the bankrupts. Subsequent to their discharge, the bankrupts filed a complaint to determine the dischargeability of certain taxes, and the bankrupts sought to enjoin the IRS from collecting the taxes until the dischargeability of the tax debt was determined. The bankruptcy court held that it had jurisdiction to determine whether the taxes were dischargeable and enjoined the collection of the taxes until the question of dischargeability was resolved. The bankruptcy court was affirmed by the United States District Court for the District of Nebraska.

On appeal, the Eighth Circuit affirmed the district court. The Eighth Circuit found that the bankruptcy court had jurisdiction to rule upon the tax claim and that the policies of the Bankruptcy Code controlled rather than the policies of the anti-injunction statute. The Court noted:

> [W]e do not believe that the "anti-injunction statute" is relevant to the present case inasmuch as Congress has evidenced an intention to enact a complete scheme governing bankruptcy which overrides the general policy represented by the "anti-injunction" act.
>
> We believe that the overriding policy of the Bankruptcy Act is the rehabilitation of the debtor and we are convinced that the Bankruptcy Court must have the power to enjoin the assessment and/or collection of taxes in order to protect its jurisdiction, administer the bankrupt's estate in an orderly and efficient manner, and fulfill the ultimate policy of the Bankruptcy Act.

*Id.* at 744. *But see Needham's Motor Service, Inc. v. Internal Revenue Service (In re Becker's Motor Transportation, Inc.)*, 632 F.2d 242 (3d Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981) (although the anti-injunction statute

precludes a bankruptcy court from enjoining the collection of taxes, the bankruptcy court could properly issue declaratory relief with respect to tax claims in bankruptcy proceedings).

Moreover, several courts have concluded that a bankruptcy court has authority to enjoin the assessment of a 100 percent penalty against officers of a Chapter 11 debtor notwithstanding the anti-injunction statute. For example, in *H & R Ice Co., Inc. v. United States (In re H & R Ice Co., Inc.)*, 24 Bankr. 28, 9 Bankr.Ct.Dec. 941 (Bankr.W.D.Mo.1982), the debtor was operating under a confirmed plan of reorganization, which provided for the payment of the debtor's unpaid FICA and withholding taxes. The court found that it had the authority to enjoin the IRS from assessing a 100 percent penalty against the debtor's president and enjoined the assessment. Timely payments under the plan were being made, and there was nothing to indicate an actual or threatened pecuniary loss to the IRS. The Court, however, found it necessary to schedule a hearing on whether the assessment would interfere with the orderly administration of the Chapter 11 case.

Also, in *Jon Co., Inc. v. United States (In re Jon Co., Inc.)*, 30 Bankr. 831, 10 Bankr.Ct.Dec. 1005, 9 Collier Bankr.Cas.2d 1 (D.Colo.1983), the district court found that the bankruptcy court was empowered to enjoin the IRS from attempting to collect a 100 percent penalty against officers and directors of a corporate Chapter 11 debtor for the debtor's failure to collect and pay employment taxes, where the taxes were being paid through a plan of reorganization. *Accord, Datar Systems Corp. v. Starkey (In re Datar Systems Corp.)*, 37 Bankr. 690, 11 Bankr.Ct.Dec. 1235 (Bankr. N.D.Ill.1983). *See also O.H. Lewis Co., Inc. v. United States (In re O.H. Lewis Co., Inc.)*, 40 Bankr. 531 (Bankr.D.N.H. 1984); *Vetere v. United States (In re County Wide Garden Center, Inc.)*, 25 Bankr. 203 (Bankr.S.D.N.Y.1982).

In this case, the IRS will be paid in full if Debtors complete their plan, and there is no showing that Debtors will not complete

their plan. Thus, there is no showing of harm to the government. On the other hand, the Huckabees testified that they could not pay the penalty and that payment would have to come from Debtors. They further testified that if Debtors were called upon to pay the penalty, it would have a severe adverse impact on Debtors' effort to reorganize. This evidence was not rebutted by the IRS. In light of the above, the Court concludes that the IRS should be enjoined from attempting to collect the 100 percent penalty, pending payment through Debtors' Chapter 11 plan.[10]  *Jon Co., Inc. v. United States (In re Jon Co., Inc.)*, 30 Bankr. 831, 10 Bankr.Ct.Dec. 1005, 9 Collier Bankr.Cas.2d 1 (D.Colo.1983).

---

**10.** Under the emergency rule, there was some question as to the authority of a bankruptcy court to issue injunctive relief. Jurisdiction of this Court is no longer governed by the emergency rule, but by the Bankruptcy Amendments and Federal Judgeship Act of 1984. The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, Title I, § 104(a), 98 Stat. 333, 340–41 (to be codified at 28 U.S.C.A. § 157) provides that a district court may refer cases and proceedings arising under Title 11 to bankruptcy judges. The United States District Court for the Middle District of Georgia by order dated July 13, 1984, referred "all proceedings arising under Title 11" to this United States Bankruptcy Court. *In re United States Bankruptcy Court Jurisdiction* (M.D.Ga. July 13, 1984). 11 U.S.C.A. § 105 (as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, Title I, § 118, 98 Stat. 333, 344) provides:

> *§ 105. Power of Court.*
> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.
> (b) Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title.

(c) The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. This subsection shall not be interpreted to exclude bankruptcy judges and other officers or employees appointed pursuant to chapter 6 of title 28 from its operation. A request for injunctive relief is a proceeding under section 105 of Title 11, and is a request which also invokes the general equitable power of the Court. *Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Railway Co.*, 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110 (1935). The Court notes that the injunctive relief sought relates to a core proceeding as defined by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, Title I, § 104(a), 98 Stat. 333, 340 (to be codified at 28 U.S.C.A. § 157(b)(2)(A), (B), and (O)), in that it deals with the administration of the bankruptcy estate, the allowance or disallowance of claims, and the adjustment of the debtor/creditor relationship.