UNITED STATES of America

v.

HUCKABEE AUTO CO., et al.

C.A. No. 84–448–1–MAC.

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 20, 1985.

Rodger M. Moore, Dept. of Justice, Washington, D.C., for the U.S.

Joseph J. Burton, Jr., Atlanta, Ga., for Huckabee Auto Co. et al.

OWENS, Chief Judge:

The United States has appealed from an order of United States Bankruptcy Court enjoining the Internal Revenue Service (IRS) from attempting by assessment to assert a penalty under 26 U.S.C.A. § 6672 (West 1967 & Supp.1984) against nondebtor, corporate officers of the debtor corporation. *In re Huckabee Auto Co.*, 43 B.R. 306 (Bankr.M.D.Ga.1984).

FACTUAL BACKGROUND

The facts of this case are thoroughly set forth in the reported opinion of the Bankruptcy Court, and will not be repeated in detail here. For purposes of this appeal, the relevant facts [1] are as follows: Huckabee Auto Company is a corporation operating under a confirmed plan of reorganization governed by Chapter 11 of the Bankruptcy Code. Prior to confirmation of the plan, the United States filed a claim for certain employee FICA and income tax

---

1. Because the issues presented in this appeal raise only questions of law, this court will ac-

cept the bankruptcy court's findings of fact. Rule 8013, Bankruptcy Rules.

withholding funds that were never paid to the government. Those claims were allowed as priority claims under 11 U.S.C.A. § 507(a)(6)(C) (West 1979), and, pursuant to 11 U.S.C.A. § 1129(a)(9)(C) (West 1979), the bankruptcy court confirmed the debtor's plan to repay the government in full over a six year period. To date all payments have been timely made.

Notwithstanding the confirmation of this plan, the IRS has now assessed a penalty under 26 U.S.C.A. § 6672 (West 1967 & Supp.1984) against Leo B. Huckabee, Jr. and Leo B. Huckabee, III, asserting that they were the individuals responsible for the misappropriated withholding funds. The bankruptcy court enjoined the enforcement of this penalty after ruling that its assessment would injure the debtor corporation.

## ISSUES RAISED ON APPEAL

The United States raises four issues on appeal: (1) whether the bankruptcy court had jurisdiction to consider the personal tax liability of Messrs. Huckabees, in that neither individual was a debtor in the pending bankruptcy action; (2) whether the bankruptcy court violated the Anti-Injunction Act, 26 U.S.C.A. § 7421(a) (West 1967 & Supp.1984); (3) whether the bankruptcy court erred in ruling that the debtor's reorganization plan, specifically that portion governed by 11 U.S.C.A. § 1129(a)(9)(C) (West 1979), precluded the IRS from pursuing any other remedy for the collection of misappropriated withholding funds; and (4) assuming the bankruptcy court was authorized to reach the merits of the IRS assessment, whether that court erred in failing to hold the Huckabees personally liable, as a matter of law, under 26 U.S.C.A. § 6672 (West 1967 & Supp.1984).

## CONCLUSIONS OF LAW

In upholding its own jurisdiction to consider the debtor corporation's challenge to the individual Huckabee's tax liability, the bankruptcy court relied upon its finding that the § 6672 penalty, if allowed, would adversely affect the debtor's reorganiza-tion plan. This conclusion was based upon the Huckabee's testimony that, if required to pay the penalty, they would be forced to take money from the corporation, as they had insufficient personal assets to pay the claim. Because the bankruptcy court perceived the § 6672 penalty as a threat to the debtor's successful reorganization, the court ruled that the corporation had standing to challenge the penalty, and that the court had jurisdiction to consider the issue of whether a reorganization plan precluded the government from pursuing its remedies under 26 U.S.C. § 6672.

The bankruptcy court viewed the issue as follows:

> It thus appears that a conflict exists between section 6672 of the Internal Revenue Code, which allows the IRS to collect a debtor's unpaid taxes from the debtor's officers, and section 1129 of the Bankruptcy Code, which provides that a debtor may pay the taxes through a plan.

43 B.R. at 311. The court decided the issue by assuming that the government utilizes § 6672 only as a last resort:

> It is apparent to the Court that section 1129 of the Bankruptcy Code, which allows the taxes to be paid by the debtor over a six-year period through a plan, would be of no effect if the IRS were to use section 6672 to circumvent the plan and collect the taxes from the debtor's officers. In *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), the United States Supreme Court noted:

>> IRS uses the 100-percent penalty only when all other means of securing the delinquent taxes have been exhausted. It is generally used against responsible officials of corporations that have gone out of business.... [I]t is IRS policy that the amount of the tax will be collected only once. After the tax liability is satisfied, no collection action is taken on the remaining 100-percent penalties.

*Id.* at 279 n. 12, 98 S.Ct. at 1802 n. 12 (quoting Opinion of the Comptroller General, No. B–137762 (May 3, 1977)). Sec-

tion 6672 thus allows the IRS to collect taxes from corporate officers when the IRS is *unable* to collect them from the corporation. When the IRS will be paid in full through a Chapter 11 plan, *there is no need* to resort to section 6672 to collect the taxes. The Court thus concludes that Congress did not intend for section 6672 to be applicable when the unpaid employment taxes are being paid through a plan of reorganization. Congress has provided that a debtor in Chapter 11 may take six years to pay certain tax obligations, and the IRS, through the penalty provision contained in section 6672, should not be able to get around this congressional decision.

*Id.* (emphasis added). This court must consider the correctness of the bankruptcy court's conclusion regarding the nature of the § 6672 penalty and its interrelationship, if any, with the Bankruptcy Code.

*The § 6672 Penalty*

██ The laws of the United States require all employers to withhold from their employees' gross wages a scheduled amount representing the employees' FICA and income tax obligations. As to the amount representing income tax withholdings, the Internal Revenue Code states that these amounts "shall be held to be a *special fund in trust* for the United States." 26 U.S.C.A. § 7501 (West 1967) (emphasis added). If the employer violates this fiduciary obligation and misappropriates these withholding funds (even if in a purported good faith effort to keep the business afloat), the United States must nevertheless extend a credit to the employees as if the funds were properly paid over to the government. *See Dillard v. Patterson,* 326 F.2d 302, 304 (5th Cir.1963). Because the government bears the loss caused by an employer's defalcation, Congress has provided the government with several remedies, one of which lies against the individual personally responsible for the misappropriated funds. *See* 26 U.S.C.A. § 6672 (West 1967 & Supp. 1984).

Section 6672 provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

*Id.* This statute was intended to "cut through the shield of organizational form" and impose liability upon those individual persons actually responsible for an employer's failure to withhold and pay over the taxes. *Allen v. United States,* 547 F.Supp. 357, 359 (N.D.Ill.1982). Because of the seriousness of such a misappropriation of funds held in trust for the United States, courts have consistently interpreted § 6672 as providing a broad civil remedy against such misconduct. It is well settled that a § 6672 penalty is *distinct from and in addition to* the employer's liability for the tax. *Howard v. United States,* 711 F.2d 729, 733 (5th Cir.1983); *Hornsby v. United States,* 588 F.2d 952, 954 (5th Cir.1979). The fact that the United States could pursue collection from another entity does not relieve the responsible person of liability under § 6672. *Hornsby,* 588 F.2d at 954.

██ It has been suggested by various courts that the IRS has a policy of assessing a § 6672 penalty against a corporate officer only when the corporation itself is unable to pay the tax. *See, e.g., Macarty v. United States,* 194 Ct.Cl. 42, 62, 437 F.2d 961, 972 (1971). The Supreme Court, in an opinion relied upon by the bankruptcy court, observed that a "survey" of IRS practices suggested that § 6672 is used only when the corporation is unable to pay the tax. *United States v. Sotelo,* 436 U.S. 269, 279 n. 12, 98 S.Ct. 1795, 1802 n. 12 (1978).

Even if this "policy" exists, it does not affect the statutory *power* of the IRS to

assess a penalty against a responsible corporate officer. Where the IRS appears to have deviated from this policy by asserting a § 6672 penalty even though the corporation is able to pay the tax—or is paying it pursuant to a confirmed plan of reorganization—the individual's proper recourse is to assert this breach of policy as an abuse of administrative discretion. *See McCarty*, 437 F.2d at 972–73. This personal defense notwithstanding, there is simply no authority to suggest that the remedy provided in § 6672 is precluded as a matter of law absent an exhaustion of all other remedies. The bankruptcy court erred in holding that "there is no need [and thus no justification] to resort to section 6672" when the IRS "will be paid in full through a Chapter 11 plan...." 43 B.R. at 311.

Congress has provided a host of remedies, both civil and criminal, for the collection of misappropriated withholding taxes. Both 26 U.S.C.A. § 6672 (West 1967 & Supp.1984) and 11 U.S.C.A. 1129(a)(9)(C) (West 1979) are examples of these various remedies. But, as noted, the remedy provided in § 6672 is separate and distinct from any other remedy. There is no support for the bankruptcy court's conclusion that Congress intended § 6672 to be subordinated to the aforementioned remedy provided in the Bankruptcy Code. A similar argument was rejected by, the court in *Monday v. United States*, 421 F.2d 1210 (7th Cir.1970):

> [T]he Mondays argue that the assessments against them are improper because the Internal Revenue Service did not apply the $10,978.24 bankruptcy proceeds to the Government's most recent tax claims, as directed by the bankruptcy referee. As the testimony shows, the Internal Revenue Service deliberately ignored the bankruptcy referee's direction and applied these proceeds to earlier periods for the "best benefit of the government," thus preserving the claims against Robert and John Monday individually for the quarters in question under Section 6672.

As previously noted, the personal liability imposed upon the individual taxpayer by Section 6672 is separate and distinct from that imposed upon the employer under Section 3403 of the Code. *Datlof v. United States*, 370 F.2d 655, 656 (3d Cir.1966), certiorari denied, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624. It is not dependent upon rules governing the liability of the employer. Cf. *Rosenberg v. United States*, 327 F.2d 362 (2d Cir.1964); *Kelly v. Lethert*, 362 F.2d 629 (8th Cir.1966). In *Spivak v. United States*, 370 F.2d 612 (2d Cir.1967), certiorari denied, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625, the court rejected a similar contention that the government's compromise of its claim for taxes against a bankrupt corporation which expressly provided that the government would assert no further claim against the corporation for withholding taxes, should bar the subsequent recovery from responsible officers under Section 6672.

*Id.* at 1218. Absent a clear directive from Congress, this court will not sanction the imposition of a judicially created limitation upon the power of the government to seek an assessment of a § 6672 penalty simply because the IRS may be able to collect the tax from the debtor over a six year period. There is no assurance that the debtor will complete the plan; whether that risk is so minimal that § 1129(a)(9)(C) should supersede § 6672 is an issue which Congress, not the courts, should decide. Whether the penalty if assessed will in fact injure the debtor is irrelevant. Again, even if § 6672 could operate so as to interfere with a Chapter 11 reorganization, Congress must decide what relief, if any, is warranted.

Having decided that the bankruptcy court lacked jurisdiction to consider the Huckabee's challenge to the § 6672 penalty, the court need not consider the government's claim regarding the Anti-Injunction Act. Obviously, since the bankruptcy court lacked jurisdiction to adjudicate the dispute between the Huckabees and the IRS, the government's alternative claim regarding that court's failure to enter judgment in favor of the IRS must be denied. If the IRS chooses to pursue the penalty, it

must follow the ordinary procedure for asserting such a claim. The Huckabees may either contest this claim administratively, or pay the penalty and sue for a refund in this court. This opinion is in no way intended to be an expression by the court as to the merits of the penalty or the Huckabee's personal defenses. For purposes of this appeal, the court need only observe that the bankruptcy court was not the appropriate forum for the resolution of the Huckabee's personal tax liability.

Accordingly, because the bankruptcy court was without jurisdiction to enter the order of October 9, 1984, that order is REVERSED, and the injunction set forth therein is hereby VACATED.