In re STEEL PRODUCTS,
INC., Debtor.

STEEL PRODUCTS, INC., Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Bankruptcy No. C85–11M.

United States District Court,
W.D. Washington,
at Seattle.

Aug. 2, 1985.

Catherine L. Walker, Short & Cressman, Seattle, Wash., for plaintiff.

Charles Pinnell, Asst. U.S. Atty., Seattle, Wash., David A. Slacter, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

ORDER

McGOVERN, Chief Judge.

This case brings the policies of the Bankruptcy Act into conflict with the Anti-Injunction Act. One court stated the overriding policy of the Bankruptcy Act to be "the rehabilitation of the debtor" and went on to opine that, accordingly, "the Bankruptcy Court must have the power to enjoin the assessment and/or collection of taxes in order to protect its jurisdiction, administer the bankrupt's estate in an orderly and efficient manner, and fulfill the ultimate policy of the Bankruptcy Act." *Bostwick v. United States*, 521 F.2d 741 (8th Cir. 1975). The Anti-Injunction Act, 26 U.S.C.

§ 7421, provides (with exceptions not here relevant) that:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person * * *.

The reason for withdrawing jurisdiction to grant such injunctive relief was stated by the Supreme Court:

> The Anti-Injunction Act apparently has no recorded legislative history, but its language could scarcely be more explicit —"no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court...." The Court has interpreted the principal purpose of this language to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, "and to require that the legal right to the disputed funds be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, [370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)]. See also, *e.g., State Railroad Tax Cases*, 92 U.S. 575, 613–14 [2 Otto 575, 23 L.Ed. 663] (1876). Cf. *Cheatham v. United States*, 92 U.S. 85, 88–89 [2 Otto 85, 23 L.Ed. 561] (1876). The Court has also identified "a collateral objective of the—Act protection of the collector from litigation pending a suit for refund." [*Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7–8, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)]

*Bob Jones University v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974).

Debtor, Steel Products, Inc., obtained from bankruptcy court, 47 B.R. 44 (Bkrtcy. W.D.Wash.1984), an order enjoining the Internal Revenue Service from collecting tax assessments made against three of its corporate officers pursuant to Section 6672 of the Internal Revenue Code of 1954 (26 U.S. C.). Section 6672 was enacted to protect the Government against revenue losses by providing:

> (a) General rule. Any person required to collect, truthfully account for and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

The taxes that Steel Products, Inc. failed to pay over to the United States were the income and social security taxes required to be withheld from employees' wages pursuant to Sections 3102(a) and 3402(a) of the Internal Revenue Code of 1954 (26 U.S.C.). Section 7501 of the Code provides that the withheld taxes shall be held by the employer as a special trust fund for the benefit of the United States. These "trust fund taxes" are amounts actually withheld from employees' paychecks. They are for the exclusive use of the United States and are not to be used to pay the employer's business expenses, including salaries, or for any other purpose. Code Sections 3102(b), 3403, 7501(a).

■ Once the federal income and social security taxes are withheld from the employees' wages, the United States is required to credit the amount withheld against the employees' individual income tax liabilities, regardless of whether such taxes are actually paid to the United States and even though the credits may result in refunds to the employees. Code Section 31(a), Treasury Regulations Section 1.31–1(a). See *Slodov v. United States*, 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978); *Hartman v. United States*, 538 F.2d 1336, 1340 (8th Cir.1976). Furthermore, the United States incurs an obligation to the employees with regard to social security taxes which are withheld but not paid over. Thus, the United States suffers a loss of revenue when the "trust fund taxes" are not remitted by the em-

ployer. *In re Huckabee Auto Co.*, 46 B.R. 741, Bankr.L.Rep. (CCH) ¶ 70,294, at 86,595 (N.D.Ga.1985).

The Bankruptcy Court in this case took the position that to give the Anti-Injunction Act force and effect would impair the commitment and involvement of the three principal shareholders whose attention is crucial to the reorganization effort and would drive them away from their commitment. Because of this threat of harm to the debtor corporation, the debtor argued that the Bankruptcy Court had jurisdiction to consider whether the Anti-Injunction Act should apply when the Government wants to seek the collection of misappropriated withholding taxes from the individual officers rather than from the corporation pursuant to a plan of reorganization.

*In re Huckabee Auto Co.*, 46 B.R. 741, Bankr.L.Rep. (CCH) ¶ 70,294, at 86,595 (N.D.Ga.1985), acknowledged by both parties to be factually similar to the case at bar, recently *reversed* a bankruptcy court decision which (1) perceived the 26 U.S.C. § 6672 "penalty" as a threat to the debtor's successful reorganization, (2) concluded that the corporation had standing to challenge the penalty, and (3) held that the court had jurisdiction to consider the issue of whether a reorganization plan precluded the Government from pursuing its remedies under 26 U.S.C. § 6672. The Bankruptcy Court had resolved the issue of the conflict of policies between the Bankruptcy Act and the Anti-Injunction Act by assuming that the Government utilizes Section 6672 only as a last resort when it is unable to collect from the corporation, and that in any event, the tax is collected only once. The Bankruptcy Court concluded that the IRS, through Section 6672, should not be able to get around the Congressional decision to allow the debtor under Chapter 11 to take six years to pay certain tax obligations.

In reversing the bankruptcy court, the district court in *Huckabee* noted that

If the employer violates its fiduciary obligation and misappropriates these withholding funds (even if in a purported good faith effort to keep the business afloat), the United States must nevertheless extend a credit to the employees as if the funds were properly paid over to the government. *See Dillard v. Patterson*, 326 F.2d 302, 304 (5th Cir.1963). Because the government bears the loss caused by an employer's defalcation, Congress has provided the government several remedies, one of which lies against the individual personally responsible for the misappropriated funds. See 26 U.S.C.A. § 6672 (West 1967 and Supp. 1984).

*Huckabee*, 46 B.R. 741, Bankr.L.Rep. (CCH) ¶ 70,294, at 86,597.

The Court observed that it is well settled that a Section 6672 penalty is distinct from and in addition to the employer's liability for the tax. *Howard v. United States*, 711 F.2d 729, 733 (5th Cir.1983). The fact that the United States could pursue collection from another entity does not relieve the responsible person of liability under Section 6672. *Hornsby v. United States*, 588 F.2d 952, 954 (5th Cir.1979).

The district court reasoned that although the IRS may have a *policy* of using Section 6622 only when the corporation is unable to pay the tax, such policy does not affect the statutory *power* of the IRS to assess the tax against a responsible corporate officer. Where the IRS has deviated from a perceived policy, continued the Court, the individual's proper recourse is to assert this breach of policy as an abuse of administrative discretion. *Macarty v. United States*, 437 F.2d 961, 972, 194 Ct.Cl. 42 (1971).

The district court concluded saying:

Absent a clear directive from Congress, this court will not sanction the imposition of a judicially created limitation upon the power of the government to seek an assessment of a § 6672 penalty simply because the IRS may be able to collect the tax from the debtor over a six year period. There is no assurance that the debtor will complete the plan; whether that risk is so minimal that § 1129(a)(9)(c) should supersede § 6672 is an issue which Congress, not the courts, should

decide. Whether the penalty if assessed will in fact injure the debtor is irrelevant. Again, even if § 6672 could operate so as to interfere with a Chapter 11 reorganization, Congress must decide relief, if any, is warranted. *Huckabee*, 46 B.R. 741, Bankr.L.Rep. (CCH) ¶ 70,294, at 86,598.

The Ninth Circuit has not addressed the two important policies in conflict here, and the decisions are split.

█ Where policy pronouncements are concerned, as distinguished from differences in interpretations of language, Congressional action rather than judicial decision is more appropriate. The *Huckabee* analysis is persuasive, therefore, because it does not choose between worthy policies; rather, considering standard principals of judicial restraint, it finds no jurisdiction to resolve competing policies and allows the specific, straightforward language of the Anti-Injunction Act to operate where no exception to foster bankruptcy policies exists.

Additionally, three points should be made. One, the inadequacy of the officer's legal remedies as a condition precedent to a grant of injunctive relief has not been shown by the corporation debtor; it is only when there is no adequate remedy at law that a court may address the propriety of injunctive relief. Legal remedies do exist. The officers can pay a portion of the tax and toll collection by posting a bond. 26 U.S.C. § 6672(b). Other courts have suggested the corporate officers can file individual bankruptcy petitions. *In re O.H. Lewis Company, Inc.*, 40 B.R. 531 (Bkrptcy N.H.1984); *In re Franklin Press Inc.*, 46 B.R. 523, 1985 CCH Bankr.L.Rep., ¶ 70,295 (S.D.Fla.1985); and *In re Dore & Associates Contracting, Inc.*, 45 B.R. 758, 85-1 U.S.T.C. ¶ 9196 (E.D.Mich.1985). There is also the action asserting breach of policy as an abuse of administrative discretion. *Supra*, p. 1001.

Two, there are powerful incentives for each officer to stay with the corporation. Each has personally guaranteed $300,000 of corporate debt (Tr. 56); if the corpora-

tion fails, each individual is liable for the full amount. Also, each has personally assumed $35,000 of corporate debt and given the corporation's bank deeds of trust to their homes (Tr. 31). The IRS revenue officer testified that collection from each individual would be based on ability to pay, and given each officer's current financial position, would likely be a minimal monthly sum.

Three, there is a public interest element to the question of whether the IRS's tax collection effort can be enjoined. There is a public interest going beyond the immediate range of impact to employees, creditors, and the local community, cited by the corporate debtor. The issue is one with national impact and with potentially large sums of tax dollars left uncollected and dependent on the success of businesses in trouble. Enjoinder of the tax collection would work at cross-purposes to both the Anti-Injunction Act, which prohibits a Court from enjoining the collection of any tax, and Section 6672, which provides an alternate source for funds not collected. While those most immediately concerned with the welfare of Steel Products, Inc. may prefer the misappropriated tax liability to be a corporate burden over a period of six years, when one views the national implications of many employers with such unpaid funds, the enormity of numerous such defalcations can be seen. Greater benefit would accrue to U.S. citizens at large the more certain collection is; Section 6672 provides this more certain collection. The two specific, unambiguous provisions enhancing the Government's collection efforts should be enforced against the broad, generally stated purpose of the Bankruptcy Act.

Accordingly, the decision of the bankruptcy court in the adversary proceeding commenced by the debtor is REVERSED and the complaint therein is DISMISSED with prejudice.

The Clerk of the Court shall direct uncertified copies of this Order to counsel of record.