In re AMTOL CORPORATION, Debtor in Possession.

AMTOL CORPORATION, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. B85–01920.
Adv. No. B85–0372.

United States Bankruptcy Court, N.D. Ohio, E.D.

Feb. 19, 1986.

Lawrence D. Leeders, Cleveland, Ohio, for plaintiff.

Richard French, Asst. U.S. Atty., Cleveland, Ohio, Robert W. Kern, Trial Atty., Tax Division, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court is the motion of Defendant, United States of America, to dismiss Count I of a complaint filed by Debtor, Amtol Corporation, and Robert A. Leeders (Leeders), who seek an injunction against the Internal Revenue Service (IRS). The parties submitted the matter on briefs. On consideration the Court finds:

Count I of the complaint requests that the IRS be enjoined from assessing a 100% penalty against Leeders, the corporate officer responsible for Debtor's failure to pay certain taxes. Leeders is the sole shareholder, director and principal officer of the debtor corporation. Validity of the assessment pursuant to § 6672 of the Internal Revenue Code is not disputed. Injunctive relief is sought on the allegation that assessment against Leeders, "an integral and necessary part of debtor's operation, would interfere with the orderly administration of the estate and the rehabilitation of the debtor." IRS asserts three grounds to support dismissal of Count I, i.e., "the plaintiffs lack standing to maintain this action; the United States has not waived its sovereign immunity; and the relief requested is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a)." The ensuing resolution of the latter obviates consideration of the first two issues. Count II of the complaint is resolved and requires no discussion.

Section 7421(a) of the Internal Revenue Code provides:

"Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), *no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court* by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).

The relief requested clearly falls within this section which IRS maintains bars granting an injunction. None of the statutory exceptions applies. Plaintiffs asseverate that administration of the estate and debtor's rehabilitation are paramount, and direct interference therewith is prohibited. To achieve this result, plaintiffs argue that this Court's expansive jurisdiction and equitable powers take precedence over the anti-injunction provisions, specifically citing 28 U.S.C. § 1334(a), (b) and (d) as delineated in 28 U.S.C. § 157, and 11 U.S.C. § 105 and 28 U.S.C. § 1651, respectively. There is case law to support this posture. see *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975); *Jon Co., Inc. v. United States*, 30 B.R. 831 (D.Colo.1983); *Datair Financial Services, Inc. v. Starkey*, (In re Datair Systems Corp.), 37 B.R. 690 (Bankr.N.D.Ill.1983); and *H and R Ice Co., Inc. v. United States*, 24 B.R. 28 (Bankr.W. D.Mo.1982).

■ Section 7421(a), however, was designed for "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference." *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2045–46, 40 L.Ed 496 (1974). In effect it withdraws jurisdiction from courts to restrain collection and assessment of taxes. *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) and *John M. Hirst and Co. v. Gentsch*, 133 F.2d 247 (6th Cir.1943). An exception in *Enochs, supra,* holds that injunctive relief may be granted under a court's equitable jurisdiction only when the plaintiff can demonstrate irreparable injury *and* certainty that the government will not prevail on the merits. Since plaintiffs do not dispute validity of the proposed assessment, this exception is inapplicable. If plaintiffs challenged validity, there is a question of this court's jurisdiction to determine tax liability of a debtor's corporate officers. *United States v. Huckabee Auto Co.*, 46 B.R. 741 (M.D.Ga.1985); and *Goodman v. United States* (In re Pierce Coal and Construc-

tion, Inc.), 49 B.R. 779 (Bankr.N.D.W.Va. 1985).

■ The Bankruptcy Code provides no exception to the clear, unambiguous terms of the Anti-Injunction Statute. Plaintiffs invoke bankruptcy court jurisdictional provisions and Section 105 of the Code as authority for exception. No jurisdictional provision, however, grants jurisdiction to issue injunctions in contravention of Section 7421(a). Moreover, Section 105 which states, "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title," merely codifies traditional equity powers of the bankruptcy court. 11 U.S.C. § 105(a). Neither the language of § 105 nor the legislative history of the Bankruptcy Code manifests any intent to supersede the specific terms of § 7421(a). *Pressimone v. Internal Revenue Service*, 39 B.R. 240 (N.D.N.Y.1984); see also *United States v. Rayson Sports, Inc.*, 44 B.R. 280 (N.D.Ill.1984). Furthermore, in 1978 and 1982 Congress amended Section 7421(a) to expand exceptions to its proscriptions, none of which benefits the bankruptcy court. *In re Arrow Transfer and Storage Co.*, 50 B.R. 726 (E.D. Tenn.1985). Section 7421(a), therefore, limits the jurisdiction of bankruptcy courts. *Steel Products, Inc. v. United States*, 53 B.R. 999 (W.D.Wash.1985); *United States v. Rayson Sports, Inc.*, 44 B.R. 280 (N.D.Ill.1984), and *Pressimone v. Internal Revenue Service*, 39 B.R. 240 (N.D.N.Y.1984). "However persuasive the arguments against application of § 7421(a) to bankruptcy court adjudications may be, we believe that a bankruptcy court exemption cannot be judicially fashioned without contravening congressional intent. Although there may be some merit in permitting the policy behind the Bankruptcy Act to outweigh the rationale that underpins the anti-injunction legislation, such argument should be addressed to Congress." *Becker's Motor Transportation, Inc. v. Internal Revenue Service*, 632 F.2d 242, 246 (3d Cir.1980).

Plaintiffs further cite The All Writs Statute, 28 U.S.C. § 1651, as authority for issuing an injunction. This statute provides that courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." see 28 U.S.C. § 1651(a) made applicable to bankruptcy courts by 28 U.S.C. § 451. The statute is not an independent grant of jurisdiction and merely permits a court to issue writs in aid of its respective jurisdiction. *Telecommunications Research and Action Center v. Federal Communications Commission,* 750 F.2d 70 (D.C.Cir.1984). The All Writs Statute, therefore, is no authority to issue an injunction absent a specific jurisdictional grant to do so in contravention of Section 7421(a).

For reasons stated, the motion of Defendant, United States of America, to dismiss Count I of the complaint is granted.

IT IS SO ORDERED.