**In re DATAIR SYSTEMS CORPORATION, Debtor.**

**In re DATAIR FINANCIAL SERVICES, INC., Debtor.**

**DATAIR SYSTEMS CORPORATION, Datair Financial Services, Inc., Plaintiffs,**

**v.**

**James STARKEY, not individually, but in his official capacity as District Director of the Internal Revenue Services, Chicago District, Defendant.**

Bankruptcy Nos. 82 B 6572, 82 B 6573 and 83 A 1824.

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 10, 1983.

M. Ellen Carpenter, Tax Division, Dept. of Justice, Washington, D.C., Dan K. Webb, U.S. Atty., Chicago, Ill., for the IRS.

Mitchell E. Jones, Joseph Matz, Teller, Levit & Silvertrust, Chicago, Ill., for Datair.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This cause came to be heard on the defendant's (IRS) motion to dismiss plaintiffs' (Datair) adversary complaint for injunctive relief. The IRS contends that Datair lacks standing to bring said complaint; that the IRS has not waived its sovereign immunity; and that Datair is barred by Section 7421(a)

of the Internal Revenue Code from bringing said suit. Datair's complaint asks this court to enjoin the IRS from proceeding to assess Section 6672 100% penalties for the corporate tax obligations of Datair against two of its principal officers.

After carefully considering the filed pleadings and memoranda, and applicable case and statutory law, and being fully advised in the premises, the court hereby makes the following findings.

### FINDINGS OF FACT

On May 19, 1982, Datair Systems Corporation and Datair Financial Services, Inc., collectively referred to as "Datair", filed voluntary petitions for reorganization pursuant to Chapter 11 of the Bankruptcy Code. On or about May 24, 1983, Andreas Tegtmeier and Conrad Morris, the principal officers and major stockholders of Datair, received notices from the IRS of proposed federal tax assessments against them personally, pursuant to Section 6672 of the Internal Revenue Code, relative to the federal tax liability of Datair. Subsequently, on or about June 9, 1983 Datair brought the instant adversary proceeding in an attempt to enjoin the IRS from making the proposed assessments against Messrs. Tegtmeier and Morris. In lieu of an answer to Datair's complaint, the IRS filed its motion to dismiss and that motion is the subject of this memorandum and order.

### ISSUES

1. Whether Datair has standing to bring the subject complaint.

2. Whether the IRS has waived its sovereign immunity and has submitted to the jurisdiction of the Bankruptcy Court.

3. Whether the Anti-Injunction Act, Section 7421(a) of the Internal Revenue Code, bars this court from according Datair the relief it seeks.

### STANDING

Section 6672 of the Internal Revenue Code establishes a 100% penalty on corporate officers for their failure to pay over certain taxes they have withheld from their employees' paychecks under Section 3402 and Section 3102 of the Code. The purpose of Section 6672 is to encourage responsible persons to maintain a trust for taxes withheld from employees' wages and then pay said sums to the government when they are due. (See Policy Statement P-5-60, 1 Administration, CCH Internal Revenue Manual at 1305-15).

It is well established that the liability imposed on corporate officers by Section 6672 is a personal liability which is separate and distinct from that imposed upon the corporate employer. *Bernardi v. U.S.,* 74-1 U.S.T.C. ¶ 83,212, affr. 507 F.2d 682 (7th Cir.1974); *Monday v. U.S.,* 421 F.2d 1210 (7th Cir.1970); In *In re Dynamic Maintenance Services, Inc.,* 81 C 6640 (N.D.Ill. 1983). The officer's liability is not dependent upon rules governing the liability of the employer and it is not even necessary for the IRS to attempt collection from the corporate employer before asserting the personal liability of the responsible officers. *Bernardi, supra.* Furthermore, the separate tax liability imposed upon the officers precludes their assertion that any satisfaction of the company's liability for withholding taxes also satisfies the individual's liability. *Monday, supra.*

Because of the separate and distinct nature of the corporate officer's liability, it is the IRS's contention that Datair in its complaint is attempting to litigate the tax liabilities of others. The IRS asserts that it is well-established that a person cannot litigate a tax liability of another. (See *Simon v. Eastern Kentucky Welfare Relief Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *American Society of Travel Agents, Inc. v. Blumenthal,* 566 F.2d 145 (D.C.Cir.1977); *Tax Analysts and Advocates v. Blumenthal,* 566 F.2d 130 (D.C.Cir. 1977). Therefore, the IRS concludes that Datair lacks standing to bring the instant action.

The jurisdiction of the federal courts is limited in Article III of the United States Constitution to deciding only "cases or controversies." *Baker v. Carr,* 369 U.S.

186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). This jurisdictional requirement includes standing, which involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In order to determine whether a plaintiff has standing to bring a suit in federal court, it must be determined whether the plaintiff has alleged such a personal stake in the outcome of the controversy to warrant invocation of federal court jurisdiction. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Jurisdiction can be invoked only when the plaintiff *himself* has suffered some threatened or actual injury resulting from the putatively illegal action. The plaintiff must assert his own legal rights and interests and cannot rest his claim for relief on the legal rights or interests of third parties. *Warth v. Seldin,* supra; *Simon v. Eastern Kentucky,* supra; *American Society of Travel Agents, Inc. v. Blumenthal,* supra; *Monday v. U.S.,* supra.

In the present case Datair is seeking to enjoin the IRS from assessing the Section 6672 penalty against two of its corporate officers. Datair claims that the assessment of the 100% penalty against its principals will interfere with the orderly administration of the estate and the rehabilitation of the debtor. Specifically, Datair alleges that the corporate officers at issue are the founding members of Datair and integral and necessary parts of Datair's operation. Datair claims it is making a good faith attempt to rehabilitate and reorganize itself. It claims that if the IRS is allowed to assess the 100% penalty against the corporate officers, there will be no reason for the corporate officers to continue to rehabilitate the debtor. Datair also alleges that the IRS's attempt to collect the 100% penalty is a violation of Section 362 of the Bankruptcy Code and an indirect attempt to bypass the Congressional intent of Section 1129(a)(9)(C) of Title 11 which provides for the payment of pre-petition priority governmental tax obligations in a plan of reorganization.

The concurring Judge in *Eastern Kentucky,* supra, stated that he "could not imagine a case, at least outside of the First Amendment area, where a person whose own tax liability was not affected, ever could have standing to litigate the federal tax liability of someone else." The IRS relies heavily on the above kind of reasoning and similar case law to support its position. However, an examination of the pleadings and memoranda filed indicates that Datair is not attempting to litigate the tax liability of its officers; instead, Datair is asking that the IRS be enjoined because the IRS's actions against Datair's corporate officers would have a detrimental affect on the debtor and its ability to reorganize.

This case is similar to a case decided earlier this year by a Colorado district court. The Colorado Bankruptcy Court in *Jon Co., Inc.,* 30 B.R. 831, 10 B.C.D. 1005 (D.C.1983) issued a restraining order against the IRS where the IRS had served summons on the corporate debtor's bank to ascertain the feasibility of assessing the Section 6672 100% penalty on the debtor's corporate officers. The IRS appealed the Bankruptcy Court's issuance of the injunction alleging that the Bankruptcy Court lacked jurisdiction over debtor's complaint, that debtor lacked standing to request the injunction and that issuance of the injunction violated the Anti-Injunction Act.

In addressing the jurisdictional and standing questions, the court found that the subject matter was related to a case arising under Title 11. The district court found that the bankruptcy court had section 505(a)(1) jurisdiction to determine the legality of the Section 6672 penalty, even if it would not be assessed against the debtor. The court found that Section 505's jurisdictional grant by its own terms is not limited to a determination of the debtor's tax liability. Furthermore, the district court recognized the bankruptcy judge's findings which indicated that the attempts by the IRS to enforce the summons in question *affected* the debtor's operations and efforts to propose a plan and interfered with the debtor's reorganization efforts. Therefore, it was found that the debtor had alleged a sufficient personal stake in the outcome of the controversy to insure concrete adversity

and sharply defined issues and thus had standing to bring an injunction suit.

Similarly, a bankruptcy court for the Western District of Missouri in the case of *In re H & R Ice,* 24 B.R. 28 (Bkrtcy.1982) found that the jurisdictional grant of Section 505(a)(1) is not limited to a determination of the tax liability of the debtor. While the corporate officer was actually a party to the injunction request, the reasoning of *H & R Ice* is equally applicable here. The officer was a creditor of the debtor and was involved in the daily operation of the debtor's business. The jurisdictional grant of Section 505 was found not to be. limited by its terms to a determination of the tax liability of the debtor. The court indicated that Congress' focus was on the tax obligation of the debtor and/or the debtor's estate. Looking to the plain meaning of the statute, it appears that a bankruptcy court may determine the amount or legality of *any tax.* It thus follows that the Bankruptcy Court has jurisdiction to determine disputes between the debtor and the IRS which involve third parties. It is the general policy of the Bankruptcy Code to allow the court to resolve all disputes *affecting* a debtor's estate. Therefore, it was found that a bankruptcy court has jurisdiction to decide if it could enjoin the IRS from activities that threatened the orderly and efficient administration of a debtor's estate. (See also *In re Major Dynamics,* 14 B.R. 969, 5 C.B.C.2d 511 (Bkrtcy.S.D.Ca.1981).

█ The court in the present case is not being asked to determine whether an injunction should be issued against the IRS. Instead, we are simply asked to decide if Datair has standing to bring such a case. Datair alleges that the 100% IRS penalty assessed against its two most vital officers will adversely affect the orderly administration ·of its estate and its rehabilitation. In examining the above cases and the memoranda submitted by both parties, the court finds that Datair has alleged a personal stake in the outcome of the controversy to warrant the invocation of federal court jurisdiction and thus has standing to bring its injunction suit.

## SOVEREIGN IMMUNITY

It is a well established principle of law that the United States is immune from suit except in those instances where it has specifically waived its sovereign immunity. Section 106(a) of the Bankruptcy Code States that:

A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

Datair asserts that Section 106 is an express waiver of sovereign immunity and that since the IRS has filed claims in both of the Datair estates, it is thus bound by the Section 106 waiver.

The IRS maintains that the "claim" that the plaintiffs seek to enjoin is clearly not property of the estate and that Section 106(a) immunity regarding a proof of claim filed in a bankruptcy proceeding does not support a finding that the United States has waived its immunity regarding claims made against corporate officials *outside* of the bankruptcy proceeding.

An examination of the parties' memoranda, applicable case and statutory law and the legislative history of Section 106 indicates that the extent of this statutory waiver of sovereign immunity is nearly without limit. There has been some dispute about whether the government must file a proof of claim in order to be deemed to have waived its immunity under Section 106 of the Code. However, since the IRS has filed its proofs of claim in the Datair estates, this is not an issue which the court must address. Section 106 establishes significant limitations upon the ability of a governmental unit to protect itself by assertion of the doctrine of sovereign immunity while that governmental unit is at the same time attempting to enforce claims against the debtor, either in the context of bankruptcy proceedings involving the debtor or elsewhere. (See Colliers on Bankruptcy, 15th edition, ¶ 106.01).

■ The language of Section 106 encompasses "claims," not penalties, that are property of the estate and that arise from the same transaction or occurrence as the government's claims. Yet, Datair's request to enjoin the penalty arises from an unpaid claim the IRS has against it. Although Section 6672 of the Internal Revenue Code imposes a personal liability on corporate officers, which is separate and distinct from that imposed upon the corporate employer, the claims against the corporate officers arise from the corporation's failure to pay the involved withholding taxes. Collection of those claims by the IRS could certainly have an adverse affect on the debtor's reorganization efforts. Therefore, we hold that the "claim" being litigated here is a claim against a government unit "that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose." See Section 106 of the Bankruptcy Code, supra. Thus, the IRS is deemed to have waived its sovereign immunity with respect to the claims at issue.

## THE ANTI–INJUNCTION ACT

The next question is whether the Bankruptcy Court has the power to issue an injunction against the IRS in face of the Anti-Injunction Statute set forth in 26 U.S.C. Section 7421(a), which says:

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1) and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The object of Section 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes. The purpose of the act is to permit the United States to assess and collect taxes alleged to be due without judicial intervention and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961).

Where an injunction against the United States is being sought and it does not fit within one of the exceptions articulated in Section 7421, suits for injunctions in tax cases have still been allowed in certain extreme situations where:

1. Under the most pro-government view of the law and facts, the IRS could not ultimately prevail; and

2. Plaintiff will sustain irreparable injury for which there is no adequate remedy at law. See *Alexander v. Americans United, Inc.,* 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518; *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496; *Enochs v. Williams Packing Co.,* supra. In effect, courts have permitted the enjoining of tax cases where general equitable jurisdiction exists to entertain plaintiff's claims. Unless both conditions of the above two part equitable test are met, however, it has been held that suits to enjoin the collection of a tax must be dismissed for lack of jurisdiction. *Rappaport v. U.S.,* 583 F.2d 298 (7th Cir.1978).

Datair asserts that a bankruptcy court has the power to enjoin the IRS's collection of taxes despite the Anti-Injunction Statute under its Section 105 powers and Section 505(a)(1). Section 505(a)(1) expressly provides that bankruptcy courts may determine the amount or legality of any tax, fine or penalty relating to a tax, or any addition to a tax. However, a bankruptcy proceeding is not one of the expressly articulated provisions set forth in Section 7421(a) of the Internal Revenue Code. Therefore, it must be determined if Datair's bankruptcy proceeding is a situation in which general equitable jurisdiction exists to entertain Datair's claims or if the above provisions of the Bankruptcy Code create an additional exception to Section 7421(a).

In the case of *Bostwick v. U.S.,* 521 F.2d 741, the Eighth Circuit affirmed a Bankruptcy Court ruling that the court had the

jurisdiction to determine the dischargeability of a federal tax debt and affirmed the order enjoining the collection of the taxes pending the dischargeability determination. While the court acknowledged that none of the 7421(a) exceptions applied to its situation, it held that the Anti-Injunction Act was not relevant since Congress evidenced an intention to enact a complete scheme governing bankruptcy which overrides the general policy of that statute. The court pointed out that Congress gave the bankruptcy court jurisdiction to determine the dischargeability of debts. Since the policy of the bankruptcy scheme is the rehabilitation of the debtor, the *Bostwick* court was convinced that the bankruptcy court must have the power to enjoin the assessment or collection of taxes in order to protect its jurisdiction, administer the bankruptcy estate in an orderly and efficient manner and to fulfill the ultimate policy of the Bankruptcy Act.

An opposite result was reached by the Third Circuit in the case of *Matter of Beckers Motor Transp. Inc.,* 632 F.2d 242 (1980). There the IRS appealed a bankruptcy court injunction of its collection efforts on certain tax debts and pre-petition interest owed by the debtor. The appellate court, in reversing the bankruptcy court stated that judicially created exceptions to Section 7421(a), like those created in *Bostwick,* supra contravene clear congressional intent. The *Beckers* court found that although there may be some merit in permitting the Bankruptcy Act rehabilitation policy to outweigh the Anti-Injunction legislation rationale, such arguments should be addressed to Congress.

Therefore, courts must choose between: (1) the government's need to collect taxes and the fact that Section 7421 makes no exception for bankruptcy cases; and (2) the general policy of the Bankruptcy Act, which is rehabilitation of financially troubled businesses. In order to resolve this dilemma, the court may turn back to the original question of whether a bankruptcy proceeding requires the court to use its general equitable jurisdiction to entertain the debtor's claims. The restoration and maintenance of a viable, tax-paying corporation economically benefits the entire economic community, not just the individual debtor. Therefore, courts have permitted the enjoining of tax cases involving debtors where equity requires it. Instead of judicially creating an exception to Section 7421 for bankruptcy cases in general, the better approach is a case by case determination of whether equity and the common good require such an injunction.

■ Although the Anti-Injunction Act does not preclude enjoining the IRS from collection of taxes or penalties in appropriate cases, in order to show that such an injunction should issue the debtor must prove the following:

1. Irreparable harm to the bankruptcy estate if the injunction does not issue;

2. A strong likelihood of success on the merits;

3. No harm or minimal harm to the other parties or party; and

4. A determination of what action better serves the public interest. *In re Jon Co.,* supra.

It is the court's duty then to assess the potential harm to the estate should the IRS attempt to collect the 100% penalty from persons other than the debtor and the effect of such collection efforts on the orderly administration of the debtor's estate, the debtor's rehabilitation and the public interest.

CONCLUSIONS OF LAW

In order to determine whether a plaintiff has standing to bring a suit in federal court, it must be determined whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The liability imposed on corporate officers by Section 6672 of the Internal Revenue Code is a personal liability which is separate and distinct from that imposed upon the corporate employer. *Bernardi v. U.S.,* supra. Though a person cannot litigate the tax liability of another,

an IRS penalty assessment against a corporate officer that arises from non-payment of corporate tax debts and could interfere with the orderly administration of the corporation's estate and rehabilitation, sufficiently alleges the corporate debtor's stake in the outcome to establish standing.

On the issue of sovereign immunity, a well established principle of law exempts the United States from suit unless it specifically waives sovereign immunity. However, section 106 of the Bankruptcy Code expressly limits the government's immunity where it is attempting to enforce claims against debtors in bankruptcy proceedings. Section 106 is applicable and the government is deemed to have waived its sovereign immunity where the IRS seeks to enforce a claim against a debtor's corporate officers for the debtor's unpaid taxes, has filed proofs of claim for those taxes in the debtor's estates and enforcement jeopardizes the debtor's ability to reorganize.

Finally, where an injunction against the IRS is sought but does not fit within one of the articulated exceptions of the Anti-Injunction Act, it may still be allowed where general equitable jurisdiction exists. A bankruptcy proceeding is not an expressly articulated exception set forth in Section 7421 and should not become a judicially created exception. However, if a debtor can prove the basic elements to assert equity jurisdiction, a bankruptcy court on a case-by-case basis may and should hear an injunction against the IRS in a tax case despite the Anti-Injunction Statute.

WHEREFORE, IT IS HEREBY ORDERED that the IRS's motion to dismiss Datair's adversary complaint is denied. It is further ordered that the IRS shall have 30 days from the date of this order to file an answer to Datair's complaint and a status hearing on said complaint will be held on December 30, 1983 at 9:30 a.m.