**In the Matter of INTERSTATE MOTOR FREIGHT SYSTEM, a Michigan corporation, IMFS, Inc., Debtors.**

**MDFC EQUIPMENT LEASING CORPORATION, Plaintiff,**

**v.**

**James D. ROBBINS, Trustee, et al., Defendants.**

**Bankruptcy Nos. HG 84–880, HG 84–881.**

**Adv. No. 85–490.**

United States Bankruptcy Court, W.D. Michigan.

June 25, 1986.

proposed settlement.

James Miller, Daniel B. Hess, Hess, Hess
& Miller, P.C., Grand Rapids, Mich., Alex-
ander Terras, Steven M. Bierig, Frankel &
McKay, Ltd., Chicago, Ill., for plaintiff.

Julie Ann Woods, U.S. Attys. Office,
Grand Rapids, Mich., David H. Dickieson,
Trial Atty. for Tax Div., Dept. of Justice,
Washington, D.C., for U.S.

Perry G. Pastula, Dunn, Schouten &
Snoap, Wyoming, Mich., for trustee.

James B. Frakie, Day, Sawdey, Flaggert
& Porter, Grand Rapids, Mich., for Nation-
al Acceptance Co.

### REPORT OF A RELATED CASE SECTION 505(a) and THIRD PARTY TAX LIABILITY

LAURENCE E. HOWARD, Bankruptcy
Judge.

The defendant United States of America
has moved this Court for an order dismiss-
ing it as a defendant in this action. The
United States contends that this Court does
not have jurisdiction to determine the tax
liability of a person who is not a debtor.

As one of the subsidiary issues is wheth-
er the plaintiff has standing to bring this
complaint, this opinion is guided by the
principle that it "must accept as true all
material allegations of the complaint, and
must construe the complaint in favor of the
complaining party." *Warth v. Seldin,* 422
U.S. 490, 501, 95 S.Ct. 2197, 2206, 45
L.Ed.2d 343 (1975). The complaint and oth-
er pleadings filed by the plaintiff in sup-
port of its motion for summary judgment
reveal the following story. The debtor,
Interstate Motor Freight System, ("Inter-
state"), was a large trucking concern with
business throughout this nation. It desired
to obtain 115 Ford LN 8000 Tractors. The
plaintiff, MDFC Equipment Leasing Corpo-
ration, ("MDFC"), provided the financing
under an arrangement by which it "pur-
chased" the tractors and leased them to the
Interstate. MDFC, however, did not par-
ticipate in deciding what tractors to buy or
from whom, but merely paid over the pur-
chase price at Interstate's direction.
MDFC's interest in the event of a default
and deficiency was protected by an irrev-
ocable letter of credit issued by the First
National Bank of Chicago upon the order
of National Acceptance Corporation,
("NAC"), a creditor of Interstate.

The tractors selected by Interstate were
manufactured by the Ford Motor Company
in the United States. No manufacturer's
excise tax was paid upon the tractors under
I.R.C. § 4061(a), repealed April 1, 1983, be-
cause they were to be delivered for export
to Canada. The tractors were purchased
from Sherway Ford in Toronto, in Decem-
ber, 1982. Interstate then brought the
tractors back to the United States.

Subsequently, Interstate filed a petition
under Chapter 11 of the Bankruptcy Code,
which was converted to Chapter 7. The
United States Internal Revenue Service
("IRS"), has filed a claim in the estate for
about $330,00.00 in delinquent taxes it con-
tends were not paid by the debtor as re-
quired under I.R.C. § 4061(a) when it im-
ported the tractors into the United States.

As to MDFC, the court granted it posses-
sion of the tractors, authorized it to sell
them, subject to an accounting of the pro-
ceeds, and allowed MDFC to draw upon the
letter of credit to cover any deficiency.
MDFC has drawn the entire amount al-
lowed under the letter of credit, and admits
that this amount together with the sale
proceeds exceeds the total amount due un-
der the lease by about $370,000. MDFC
does not want to disgorge these funds,

however, because the IRS has also assessed it for the delinquent import excise taxes.[1] Consequently, MDFC filed the underlying complaint for declaratory relief against the United States, NAC, the Trustee, and the concerned creditors. By this complaint MDFC seeks a declaratory judgment as to the validity of the IRS' claim against MDFC.[2] (Complaint, paragraph 21(a)). If that claim is found to be valid, MDFC alternatively asks the Court to determine whether under the terms of the lease MDFC may charge any tax liability to the debtor, and whether MDFC may offset any such liability against the $370,000 in excess funds it holds.

The United States' motion to dismiss itself rests upon one case, *United States v. Huckabee Auto Co. (In the Matter of Huckabee Auto Company)*, 783 F.2d 1546 (11th Cir.1986). The plaintiff in response relies upon *In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankr.S.D.Cal.1981); *H & R Ice Company, Inc. v. United States (In re H & R Ice Company, Inc.)*, 24 B.R. 28 (Bankr.W.D.Mo.1982); *Jon Company, Inc. v. United States (In re Jon Company, Inc.)*, 30 B.R. 831, 9 C.B.C.2d 1 (D.Colo. 1983); and *Datair Systems Corporation v. Starkey (In re Datair Systems Corporation)*, 37 B.R. 690 (Bankr.N.D.Ill.1983). All five cases considered the question of whether a bankruptcy court could enjoin the assessment and collection of delinquent taxes against individual principals of the corporate Chapter 11 taxpayer. Only *Huckabee* held a bankruptcy court could not. The other cases rested their contrary holdings upon four common assertions:

—that § 505(a) allows the Bankruptcy Court to determine the validity and amount of *any* tax;

—that 28 U.S.C. § 1471, or its successor 28 U.S.C. § 1334, give the bankruptcy court jurisdiction over nondebtor tax questions related to the bankruptcy case;

—that the United States has waived its sovereign immunity as to such questions; and

—that such a question is not barred by any standing problem.

These statements deserve to be reviewed in the context of our factual situation.

■ Section 505(a) provides that a bankruptcy court may, with a few exceptions here irrelevant, "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." The premise of *Major Dynamics* and its followers is that "[t]he jurisdictional grant of § 505 is not, by its terms, limited to a determination of tax liability of the debtor." 14 B.R. at 971. From this premise, *Major Dynamics* concludes that § 505 should not be limited in practice to determinations of tax liabilities of debtors only. To reach this conclusion, *Major Dynamics* reasons that although the legislative history indicates that Congress's focus was on the tax obligations of the debtor and the estate, that legislative history does not contain explicit language limiting § 505 to that purpose. Further, whatever the legislative history says, it is irrelevant if the statutory language is plain and unambiguous on its face, unless the plain language of the statute alone "would result in a significant alteration of the pervasive regulatory

---

1. Paragraph 14 of the plaintiff's complaint asserts that the IRS has made a claim against MDFC for the delinquent taxes. However, MDFC has also submitted the affidavit of Michael Draffin, one of its employees. At paragraphs 4 and 5 Mr. Draffin states that an IRS employee informed him that the IRS merely proposed to assess liability for the delinquent taxes against MDFC, and probably would not impose penalties. Therefore, it would appear that the Complaint is incorrect. Nevertheless, the Court will assume that such liability has

been imposed on MDFC, in line with *Warth v. Seldin,* supra.

2. There is an inherent contradiction in the Complaint. In the prayer for relief plaintiff asks for a determination of the validity of the IRS's claim against it. (Complaint, paragraph 21(a)). Further, in its motion for summary judgment MDFC contests that claim. Yet at paragraph 15 of the Complaint MDFC states that it has no valid defense to the claim.

scheme of which the statute is a part." 14 B.R. at 972. *Major Dynamics* then concludes that since § 505 is plain and unambiguous on its face, there is no need to consult the legislative history and the bankruptcy court "may determine the amount or legality of any tax," including that imposed upon third parties by the IRS. 14 B.R. 972.

It is true that Congress was very free with the word "any" when it drafted § 505(a). *Major Dynamics,* 14 B.R. at 971, n. 4. It is also true that on its face § 505 contains no language limiting the bankruptcy court to consideration of taxes imposed upon the debtor or the estate. Nor does § 505 contain any language limiting the bankruptcy court to consideration of taxes imposed upon creditors of the estate, principals of the debtor, or even confining the court to taxes somehow related to the case. Indeed, taken at face value, without recourse to the legislative history, § 505 makes the Bankruptcy Courts a second tax court system, empowering the Bankruptcy Court to consider "any" tax whatsoever, on whomsoever imposed.

Of course, Congress did not intend any such result. The fact that that is the plain meaning of the words of § 505(a), however, indicates that reliance upon those words alone "would result in a significant alteration of the pervasive regulatory scheme of which the statute is a part." 14 B.R. 972. Therefore there must be implicit limits upon the extent of § 505, and those limits are clearly stated in the legislative history:

> The House amendment authorizes the bankruptcy court to rule on the merits of any tax claim involving an unpaid tax, fine, or penalty relating to a tax, or any addition to a tax, of *the debtor or or the estate.* (emphasis added).

124 Cong.Rec. H11, 110–111 (daily ed. Sept. 28, 1978); S17, 426–428 (daily ed. Oct. 6, 1978). Through rather strained reasoning *Major Dynamics* managed to sidestep the

---

**3.** Furthermore, both § 1334 and § 106 must be read in the light of the Bankruptcy Code's object and policy. *Richards v. United States,* 369 U.S. 1, 11, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962).

clear intent of Congress and to distort § 505. The other cases simply followed along. Nonetheless, it is clear that § 505 allows a bankruptcy court to consider only taxes imposed on the debtor or the estate.

 As to jurisdiction, *Major Dynamics, H & R Ice* and *Jon Company* all held that the question of third party tax liability was a related proceeding the bankruptcy court had jurisdiction over under 28 U.S.C. § 1471. Section 1471 has now been replaced by 28 U.S.C. § 1334. For the purposes of this opinion both sections are identical in that they both confer upon the district courts, and derivatively upon the bankruptcy courts, original but not exclusive jurisdiction of all civil proceedings related to cases under Title 11. They are also identical in that contrary to the above cases, neither is sufficient alone to allow this court to determine the tax liability of a nondebtor, for neither section constitutes the express waiver of sovereign immunity necessary for this court to make decisions as to nondebtor taxpayers that would be binding upon the United States. Such an express waiver is a threshold necessity to a suit against the sovereign. *Hawaii v. Gordon,* 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Although that consent, once given, is to be liberally construed with regard to its proper objects, the courts may not expand "the waiver of sovereign immunity more broadly than has been directed by the Congress." *United States v. Shaw,* 309 U.S. 495, 501– 502, 60 S.Ct. 659, 661–662, 84 L.Ed. 888 (1940). The waiver of sovereign immunity is found at 11 U.S.C. § 106, and neither § 1471 nor § 1334 should be read in any way that supercedes § 106 or makes it redundant. *Jarecki v. Searle & Co.* 367 U.S. 303, 307–308, 81 S.Ct. 1579, 1582–1583, 6 L.Ed.2d 859 (1961).[3] Therefore, § 106 governs the extent to which the United States has waived its sovereign immunity. Section 106(a) provides that:

> The object and policy of the Bankruptcy Code is to regulate the affairs of debtors and estates, not litigate third party tax liability.

A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit *that is property of the estate* and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose. (emphasis added)

The Court in *Datair Systems,* supra, held that "the extent of this statutory waiver of sovereign immunity is nearly without limit." 37 B.R. 694. That may be true, but it is only true vis-a-vis the debtor. Sovereign immunity is waived only with respect to claims of the estate. *Datair Systems* found no sovereign immunity problem because it held that although the penalty was imposed upon a third party, that penalty arose from a claim against the estate. Further, imposition of the penalty would have an adverse effect on the debtor's reorganization. Therefore, the claim being litigated was actually a claim of the estate which the *estate* could pursue unhindered by any assertion of sovereign immunity. 37 B.R. .695. This is exactly the same situation faced by the other courts. None of them held that a third party could litigate his own tax liability in his own right before the bankruptcy court. Rather they held that sovereign immunity as to that third party did not bar the debtor, as to whom that immunity has been waived, from litigating that third party's liability, at least to the extent that tax liability would impinge on the debtor's Chapter 11 reorganization or interfere with the orderly administration of the estate. *Detair Systems,* 37 B.R. 697; *Major Dynamics,* 14 B.R. 972.

■ As to standing, it is obvious that MDFC has standing to litigate its own tax liability, as it has asked to do in its Complaint at paragraph 21(a). However, this is not the Court in which to do it. Under § 505 this Court has jurisdiction to determine the tax liabilities of debtors and estates only, not the tax liabilities of separate tax payers who are not debtors under the Bankruptcy Code. *Huckabee,* 783 F.2d 1549. Further, under § 106 the United

States has waived its sovereign immunity only with regard to the interests of the debtor or the estate. Therefore, MDFC may not litigate its own tax liability in this Court.

However, the plaintiff has argued that in fact it is not litigating its own tax liability, but rather that of the debtor. (Plaintiff's Combined Response and Memorandum, page 10). MDFC's argument that it merely seeks to litigate the debtor's tax liability is disingenuous at best. For if MDFC were allowed to proceed, its idea of litigation would be to confess judgment for the estate. A fair reading of the Complaint indicates that MDFC does not contest that the delinquent taxes are due from someone, if not the debtor then MDFC. (Complaint, paragraphs 4, 13–15, 21–22). Further, if MDFC is found liable for the tax, it fully intends to charge the estate or the letter of credit excess funds for whatever expense it incurs. (Complaint, paragraphs 16, 18–19, 21). Lastly, one of MDFC's arguments against its own liability is that the "IRS's assessment of the delinquent tax against the Debtor precludes assessment of the same tax against MDFC." (Combined Response and Memorandum, page 10). Therefore, to the extent MDFC wants to litigate the debtor's liability it is fair to say that the relief MDFC seeks is a declaration that the debtor is liable for the tax. Since the IRS has already assessed the debtor for that tax, nothing remains to be done and MDFC's claim against the IRS is moot as to any question of the debtor's liability.

■ MDFC has also argued that this Court should extend its jurisdiction over the question of MDFC's tax liability because that question will affect assets of the estate. That is not correct, for if MDFC is found liable the payment will not come from the estate but from MDFC. The pivotal question that might affect property of the estate is whether MDFC may then turn around and charge such a payment to the estate or the excess letter of credit funds. Dismissing the United States will not pre-

vent the Court from considering these questions, nor will it impair the Court's jurisdiction over estate property.

Under § 505 this Court may not determine the tax liability of anyone but a debtor or an estate.[4] Nor may this Court entertain suits against the United States brought on claims belonging to anyone but the debtor and the estate. Consequently, to the extent MDFC seeks to litigate its own tax liability it may not do so in this Court. Alternatively, to the extent MDFC desires to litigate the debtor's liability, the relief MDFC seeks, imposition of the tax on the debtor, has already been accomplished and MDFC's claims on this theory against the IRS are moot. Therefore, this Court recommends that the United States' motion for an order dismissing it as a defendant be granted.

As this is a non-core matter, *Darling Hardware, et al. v. United States, et. al (In re Darling Hardware)*, 64 B.R. 544 (Judge Nims, Bankr.W.D.Mich.1985), under 28 U.S.C. § 157(c)(1), the Court shall enter this report as its proposed conclusions of law and a proposed order with the Bankruptcy Clerk. Pursuant to United States District Court for the Western District of Michigan Local Rule of Court No. 66, any party to the proceeding may file objections thereto with the Bankruptcy Clerk within the time for filing a notice of appeal as prescribed by Bankruptcy Rule 8002 including any permissible extensions.

4. Nothing in this report would bar the Trustee from seeking to enjoin the IRS from assessing or collecting a tax (but not litigate the validity or amount) under § 105 in reliance upon a theory analogous to *Old Orchard Investment Company v. A.D.I. Distributors, Inc. (In the Matter of Old Orchard Investment Company)*, 31 B.R. 599 (W.D.Mich.1983). Under *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975), the Bankruptcy Court may enjoin such actions. To prevail the Trustee would have to show that the IRS's actions were interfering with the orderly administration of the estate. As this action would clearly belong to the estate or the debtor only, MDFC could not bring it. Under *Warth v. Seldin, supra,* unless a plaintiff has a legally

protected interest of its own it does not have standing unless Congress has endowed it with standing by statute. MDFC does not have such a legally protected interest in another's taxes. Congress has enacted a statute conferring upon creditors the standing to raise and be heard in matters. 11 U.S.C. § 1109(b). But as that section and 11 U.S.C. § 103(f) make clear, creditors have such standing only in Chapter 11 cases. Therefore, at best all MDFC could do would be to seek intervention under Bankruptcy Rule 7024, if the Trustee should ever bring such a suit. For a contrary view, see *Amtol Corporation v. United States of America (In re Amtol Corporation)* 57 B.R. 724, 14 C.B.C.2d 386 (Bankr.N.D.Ohio 1986).